# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUAN A. DANIELS,
             Appellant,

      v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
AT-0353-17-0310-I-1

DATE: March 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorenzo Cobb</u>, Sugarhill, Georgia, for the appellant.

<u>Erika F. Campbell-Harris</u>, Atlanta, Georgia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      On May 9, 2017, the appellant filed a petition for review of the initial decision that dismissed his restoration appeal for lack of jurisdiction. Initial Appeal File, Tab 8, Initial Decision; Petition for Review (PFR) File, Tab 1. On January 19, 2018, the appellant, through his attorney, filed a submission stating that he was withdrawing his petition for review and did not wish to pursue the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

matter further because the agency had returned him to work and "back paid" him for the time periods at issue. PFR File, Tab 5. On January 26, 2018, the appellant's attorney sent a letter to a settlement attorney with Board's Office of General Counsel, stating that the appellant understood that the withdrawal of his petition for review was with prejudice to refiling. PFR File, Tab 6 at 1. With the letter, the appellant's attorney submitted a statement signed by the agency representative on January 26, 2018, asserting that the agency did not object to the appellant's withdrawal of the petition for review. *Id.* at 2.

¶2      By order dated July 23, 2018, the Clerk of the Board informed the parties that, pursuant to a May 11, 2018 Delegation of Authority, the Office of the Clerk of the Board had been "delegated authority to grant a petitioner's request to withdraw his petition for review." PFR File, Tab 7 at 1 n.*. The order noted the appellant's January 19, 2018 submission requesting to voluntarily withdraw the petition for review, and his January 26, 2018 submission confirming his intent to withdraw the petition for review with prejudice. *Id.* at 1-2. Consistent with the May 11, 2018 Delegation of Authority, the Clerk directed the appellant to submit a brief pleading confirming that his request to withdraw his petition for review was voluntary and that he understood the withdrawal was with prejudice to refiling with the Board. *Id.* at 2. The appellant did not respond to the July 23, 2018 order.

¶3      On August 28, 2018, the Clerk of the Board issued a second order, which noted the appellant's failure to respond to the July 23, 2018 order and instructed him to file a brief pleading within 7 days of the second order confirming his request to withdraw. PFR File, Tab 8 at 1-2. The second order also stated that, "[i]f the appellant does not file a pleading confirming his intent, the Clerk of the Board will not act on his request to withdraw the petition for review, and the Board will instead issue a decision following the restoration of a Board quorum." *Id.* at 1-2 (emphasis removed). In addition, the Clerk ordered the agency to

submit a brief pleading stating whether it objected to the appellant's withdrawal of the petition for review. *Id.* at 2.

¶4      The appellant again did not respond. The agency submitted a copy of the agency representative's January 26, 2018 signed statement asserting that the agency did not object to the appellant's withdrawal of his petition for review. PFR File, Tab 9.

¶5      Thereafter, the Clerk of the Board issued an order informing the parties that, "[i]n light of the appellant's failure to confirm his intent to withdraw the petition for review, the Office of the Clerk of the Board will take no further action to process the appellant's request to withdraw the petition for review under the May 11, 2018 policy." PFR File, Tab 10 at 1 (emphasis removed). The order further informed the parties that the appellant's petition for review would be returned to the Board for consideration and that the Board would issue a decision on the petition for review following the restoration of a Board quorum. *Id.* at 1-2.

¶6      Because a Board quorum has been restored, we can issue a decision on the petition for review. Although the appellant did not avail himself of the option of having the Clerk of the Board dismiss his petition for review as withdrawn pursuant to the May 11, 2018 Delegation of Authority, we discern no basis not to give effect to the appellant's January 19, 2018 request to withdraw the petition for review, signed by the appellant's attorney, and supplemented by his attorney's January 26, 2018 letter explicitly stating that the appellant understood that his withdrawal was with prejudice to refiling. PFR File, Tabs 5-6. Moreover, as noted above, the agency has submitted a statement asserting that it has no objection to the appellant's request to withdraw his petition for review. PFR File, Tab 9. We find that withdrawal of the petition for review is appropriate under the circumstances.

¶7      Accordingly, we DISMISS the petition for review as withdrawn with prejudice to refiling.

¶8     The initial decision of the administrative judge is final. This is the Board's final decision in this matter. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.